■ In the Matter of JOSEPH M. BURCHILL, an Attorney, Respondent. COMMITTEE ON PROFESSIONAL STANDARDS, THIRD JUDICIAL DEPARTMENT, Petitioner. — Respondent was admitted to the Bar by the Appellate Division, Second Judicial Department, on October 23, 1974. He maintained an office for the practice of law in Richfield Springs, Otsego County, until July 19, 1982, at which time he was suspended from practice by this court pending the resolution of charges of professional misconduct alleged against him in this proceeding (*Matter of Burchill*, 89 AD2d 696). Petitioner now moves to confirm the report of the referee to whom the issues in this proceeding were referred. The motion is unopposed. The petition contains 13 charges of professional misconduct. The first five arise from respondent's handling of a personal injury claim and the remainder from his handling of an estate. The referee sustained all charges, finding that respondent neglected a client's personal injury claim (charge I); temporarily converted $15,000 belonging to his client (charge II); failed to co-operate with and misled petitioner in its investigation of an inquiry

submitted by his client (charges III, IV); attempted to handle legal matters which he knew or should have known he was not competent to handle (charge V); attempted to convey title to real property belonging to the estate under powers of attorney executed by the decedent's heirs, which powers excluded real estate transactions (charge VI); failed to deposit escrow funds in an identifiable bank account and thereafter temporarily converted the moneys (charge VII); misused powers of attorney obtained from the heirs by withdrawing moneys from three joint savings accounts established in the name of the deceased and each of his children; which moneys ($30,000) he thereafter converted (charge VIII); acted as executor or attorney for the estate at a time when he had not qualified as executor and was disqualified from acting as attorney (charge IX); made conflicting and misleading statements concerning the identity of a beneficiary under the decedent's will (charge X); attempted to mislead and deceive petitioner in its investigation of an inquiry concerning the estate (charge XI); neglected the estate (charge XII); and attempted to defraud the decedent's children of assets owned by the decedent at the time of his death by preparing a will naming a nonexistent person as a beneficiary and thereafter allegedly paying such beneficiary $35,000 from the estate (charge XIII). After reviewing the evidence, we are in agreement with the referee's findings except with respect to charges I and V and that part of VII alleging conversion. As to the first two charges, we determine that the evidence does not warrant a finding that respondent neglected his client's personal injury claim or that he attempted to handle legal matters which he knew he was not competent to handle. As to the latter charge, we find the evidence insufficient to establish a conversion. Accordingly, petitioner's motion to confirm the report is granted only to the extent indicated, and is otherwise denied. Respondent is guilty of professional misconduct of a most serious nature. Under the circumstances, we conclude that he should be disbarred. Respondent disbarred. Sweeney, J. P., Kane, Mikoll, Weiss and Levine, JJ., concur.